OPINION OF THE COURT
Minna R. Buck, J.
The Department of Social Services (DSS) filed a petition on February 7, 1986 alleging the children Cassandra, Jennifer, Kassey and Rachel had been abused or neglected by respondent parents. During the fact-finding hearing, respondent father moved that his statements made to a Child Protective Services (CPS) investigator at his home on February 6, 1986 *547 and February 7, 1986 be excluded from evidence in this proceeding because the investigator interviewed father without first advising him of his right to have an attorney present. The court reserved decision on the motion.
During the evening of February 5, 1986, the police and the CPS had been notified of the possible abuse of 14-month-old Cassandra by a "hot line” call from the emergency room of St. Joseph’s Hospital, where the child had been taken by respondent mother. Emergency room personnel had diagnosed the child’s injury as a fracture of her left leg, and found mother’s explanation that the injury must have occurred when the child fell off a bed while in father’s care two days earlier was inconsistent with the nature of the injury. As a result of the call, three police officers were sent to respondents’ home where they questioned father. He subsequently accompanied them to police headquarters. There, father was given Miranda warnings and waived his right to counsel; he was then questioned further and made a statement, whereupon he was charged with assault, second degree, and endangering the welfare of a child. The police then issued him an appearance ticket and released him sometime in the early morning of February 6, 1986. Later that day and again on February 7, 1986, pursuant to the mandate of Social Services Law § 423 and regulations promulgated thereunder, a CPS investigator (who had not been present during the earlier questioning) met with respondents, the other three children, their maternal grandmother, her husband and two friends at the grandmother’s home. The statements made by father at these two meetings are those he moved to suppress.
Without considering whether statements made to a CPS investigator under the circumstances described would be subject to suppression in the criminal case (cf. People v Moss, NYLJ, Feb. 24, 1986, p 15, col 6 [Suffolk County Ct]) the court now finds the statements should not be suppressed in this child protective proceeding.
The Family Court Act article 10 proceeding is entirely separate from the criminal prosecution of father, even though both arise from the same facts (Family Ct Act § 1013 [b]; § 1014 [c]; People v Smith, 62 NY2d 306). Even if statements made to the CPS worker during his investigation in this case might be found to be inadmissible in the criminal case, they are not inadmissible in the Family Court proceeding. The protection of an allegedly abused child requires that the exclusionary rule not be applied in a Family Court child abuse *548 case (Matter of Diane P., 110 AD2d 354; People v Smith, supra).
This court agrees with the balancing of interests and the resulting rationale in Matter of Diane P. (110 AD2d 354, supra) — i.e., that application of the exclusionary rule in a child protective proceeding is unwarranted given the State’s interest in protecting children and the relatively limited impact on respondent’s right to custody should a finding of abuse or neglect be made (Family Ct Act §§ 1052, 1055) (supra, p 357). Any finding by the criminal court that defendant’s right to counsel was improperly denied would trigger application of the exclusionary rule in that forum where defendant is subject to a criminal penalty, thereby adequately preserving the deterrent effect of that rule.
Respondent father’s motion to suppress is denied.